TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00065-CR

Harry Sell, Jr., Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 0952030, HONORABLE JACK HAMPTON, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of indecency with a child and aggravated sexual assault of a
child. Tex. Penal Code Ann. §§ 21.11, 22.021 (West 1994 & Supp. 1997). (1) The jury assessed
punishment for these offenses at imprisonment for twenty years and ninety-nine years with a $10,000 fine,
respectively.

 Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

 Appellant filed a pro se brief contending in a single point of error that the ninety-nine-year
sentence is disproportionate and thus violates the Eighth Amendment. U.S. Const. amend. VIII. Whether
the Eighth Amendment contains a proportionality guarantee and, if it does, how that guarantee is to be
enforced, is not clear. Compare Solem v. Helm, 463 U.S. 277 (1983) with Harmelin v. Michigan, 501
U.S. 957 (1991); and see McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992).

 The punishment assessed by the jury is within that authorized by the legislature for the
offense of aggravated sexual assault. In light of the complainant's testimony describing a long-term pattern
of sexual assaults, we cannot say that the punishment is disproportionate to the offense. The pro se point
of error is overruled.

 The judgment of conviction is affirmed.

Before Justices Powers, Jones and Kidd

Affirmed

Filed: March 27, 1997

Do Not Publish
1. The 1995 amendment of section 22.021 is not relevant to this appeal.